**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Petitioner,**

v.                                                   Case No. 8:13-mc-62-T-33TBM

**CLAY WATKINS MARAFIOTE,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a **Petition to Enforce Internal Revenue Service Summons** ("Petition"), filed on August 12, 2013.  (Doc. 1).  On September 11, 2013, after review of the Petition, the Court issued an Order to Show Cause directing Clay Watkins Marafiote ("Respondent") to appear before the Court on October 24, 2013 at 10:00 a.m. to show cause as to why he should not be compelled to comply with the IRS summons served on him on August 13, 2012.  (Doc. 2).  A copy of the Order, along with the Petition and attached exhibits, was directed to be served upon Respondent.  *Id*.  Initially, the summons was returned unexecuted.  (Doc. 4).  Thus, on October 24, 2013, the Court granted Petitioner's Motion to Extend Time to Serve Respondent (Doc. 5), and the show cause hearing was rescheduled for December 12, 2013 at 10:30 a.m.  (Docs. 7, 8).  Afterwards, a return of service reflects that the Court's Notice of Rescheduling Hearing, the Order to Show Cause, and the Petition and attached exhibits were personally served upon the Respondent on November 14, 2013.  (Doc. 10).  Importantly, Respondent has filed several communications with the Court, beginning on

October 4, 2013.  In these communications, he notes, among other claims, that he is not Respondent Clay Watkins Marafiote; instead, he is clay-watkins.  (Docs. 3, 6, 11, 12).  In one communication, he asserts that he has reached a private agreement with William J. Wilkens, Chief Counsel for the IRS.  (Doc. 6).  Then, on November 25, 2013, Respondent returned the summons served upon him on November 14, 2013, due to "improper addressee."  (Docs. 11-12).

The show cause hearing was held before the Court on December 12, 2013, commencing at 10:50 a.m.  (Doc. 13).  The Respondent failed to appear.  *Id*.

A.

Pertinent provisions of the Internal Revenue Code specifically authorize the Secretary of the Treasury or his delegate to summons individuals liable for taxes and to require such testimony and the production for examination of such books, papers, records, and other data which may be relevant or material to the accurate determination of tax liability.  *See* 26 U.S.C. § 7602.  A summons issued pursuant to § 7602 may be served by providing an attested copy, either in hand to the person to whom it is directed or by leaving such summons at the last and usual place of abode.  *Id.* at § 7603.  Jurisdiction and venue for enforcement actions are appropriately in the United States district court, for the district within which the respondent resides, and the Secretary may seek an attachment against the respondent for his contempt in failing to comply with the summons.  *Id.* at § 7604.

In order to obtain judicial enforcement of a summons, the IRS must establish the following: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry

may be relevant for that purpose; (3) the information sought is not already in the possession of the IRS; and (4) the administrative steps required in the Internal Revenue Service Code have been followed.  *United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993) (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)).  These requirements impose a minimal burden upon the IRS which may be satisfied by the sworn affidavit of the agent who issued the summons.  *Id.* (citing *La Mura v. United States*, 765 F.2d 974, 979 (11th Cir. 1985)).  Once the necessary showing has been made, the burden shifts to the party contesting the summons to disprove one of the four elements or to convince the court that enforcement otherwise constitutes an abuse of court process.  *Id.*

B.

Under the applicable statutory provisions, the issuance and service of the Summons upon the Respondent in this case was appropriate and in full compliance with the law. Further, upon the Declaration of Vivene Gayle-Paul, Revenue Agent of the IRS, (Doc. 1-1), the Petitioner has met its "minimal" burden and established the four elements necessary to obtain judicial enforcement of the IRS summons.  Thus, the evidence demonstrates that the investigation is for a legitimate purpose and there are adequate grounds on which to conclude that Respondent is in possession, custody, or control of books, papers, and records within the scope of the summons that may be relevant to the stated purpose.[1]  In addition, it appears that the records sought are not otherwise available to the Petitioner and that Agent Gayle-Paul has

---

[1] The investigation relates to Respondent's federal tax liability for the 2006 tax year.  In his October 4, 2013 letter, clay-watkins states, "I believe that none of my receipts collected by barter of my labor and skill were derived from any governmental privileged activity."  (Doc. 3 at 1).

3

met all the administrative prerequisites for the issuance of the summons.  Finally, the Respondent, who wilfully failed to appear as directed by the Order to Show Cause, has failed to disprove any of the four elements or otherwise demonstrate that enforcement of the summons would constitute an abuse of the Court's process.

C.

Accordingly, it is hereby RECOMMENDED that the **Petition to Enforce Internal Revenue Service Summons** (Doc. 1) be GRANTED and that the Court enter such further Orders as are necessary to enforce compliance with the Petition, including an Order directing the attachment or arrest of the Respondent until such time as he has complied with the requirements of the summons.  It is FURTHER RECOMMENDED that the United States recover its costs in maintaining this action.

>                          Respectfully submitted this
>                          17th day of December 2013.
>
>                          THOMAS B. McCOUN III
>                          UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.


Copies furnished to:
U.S. District Judge Virginia M. Hernandez Covington
Counsel of Record
Clay Watkins Marafiote